OPINION
{¶ 1} Defendant-appellant James Robert Meyers ("Meyers") brings these appeals from the judgments of the Court of Common Pleas of Auglaize County sentencing Meyers to a total of 41 months in prison.
 {¶ 2} On May 10, 2004, Meyers pled guilty to operating a motor vehicle while under the influence of alcohol, a felony of the fourth degree. The trial court sentenced Meyers to the mandatory minimum sentence of 60 days in jail and placed him on community control sanctions.
 {¶ 3} On December 26, 2004, Deputy Brian A. Little ("Little") investigated the theft of prescription medication from Laura Ellis ("Ellis"). Ellis told Little that her grandson, Randy Sawmiller ("Sawmiller") and Meyers had been at the house earlier in the day. Ellis informed Little that after the two left, she noticed that some of her medications were missing and suspected her grandson.
 {¶ 4} Later that day, officers arrived at the apartment of Lena Mount ("Mount"), Meyers' girlfriend, while attempting to locate Sawmiller and Meyers. Mount opened the door and the officers noted a strong odor of marijuana coming from the apartment. Also in the apartment was Tom Streight ("Streight"), a convicted felon. When Meyers was located in the apartment, the officers noted that he was under the influence of either alcohol or drugs. Meyers was questioned and admitted to consuming some of the pills taken from Ellis. Mount consented to a search of the apartment and the prescription bottles of Laura Ellis were found.
 {¶ 5} On December 27, 2004, Meyers was notified that he had violated his community control sanctions by possessing illegal substances and having contact with known felons, Sawmiller and Streight. On January 12, 2005, the Auglaize County Grand Jury indicted Meyers for possession of a controlled substance, i.e. the prescription medications. Meyers entered a plea of not guilty on January 18, 2005. On February 15, 2005, Meyers entered a guilty plea to the indictment. The trial court then sentenced Meyers to a term of 11 months in prison. At that same hearing, Meyers admitted to violating his community control sanctions. His original sentence of 30 months in prison was imposed. The trial court then ordered that this sentence be served consecutive to the sentence in the possession case for a total of 41 months in prison. Meyers appeals from this sentence and makes the following assignments of error.
The trial court committed prejudicial error when it failed to properlyfollow the sentencing criteria set forth in [R.C. 2929.14] resulting in[Meyers] receiving a sentence which is contrary to law.
 The trial court's ordering that the sentences of [Meyers] are to beserved consecutively to each other was unsupported by the record and wascontrary to law.
 {¶ 6} In the first assignment of error, Meyers claims that the trial court erred by not sentencing him to the minimum sentence. This court notes that no finding as to a prior prison sentence were made. Thus, the trial court must make certain findings in order to sentence Meyers to more than the minimum sentence. R.C. 2929.14(B). A review of the record reveals that the trial court did not make the required findings to impose more than the minimum sentence. Thus, the first assignment of error is sustained.
 {¶ 7} Meyers claims in the second assignment of error that the trial court erred by sentencing him to consecutive sentences. In order to impose consecutive sentences, the trial court must make certain findings. R.C. 2929(E)(4). Additionally, the trial court must state its reasons for imposing consecutive sentences on the record. R.C. 2929.19. A "trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 21, 793 N.E.2d 473. Here, the trial court made the required findings, but did not state any reasons for imposing consecutive sentences on the record. Thus, the second assignment of error is sustained.
 {¶ 8} The judgments of the Court of Common Pleas of Auglaize County are reversed and the cause is remanded for further proceedings.
Judgments reversed and cause remanded.
 Rogers and Shaw, JJ., concur.